STORY *vs.* PATTEN.

Where the nature of the proceedings or the form of action or pleadings gives the opposite party notice to be prepared to produce a writing or instrument, if neces. sary to falsify his adversary's evidence, no other notice to produce it, is requisite. Accordingly it was *held* that notice to produce an execution was not necessary in an action against a constable for not returning the process and paying over the money where, in the declaration, the execution and the judgment on which it issued were fully described. Notice on the trial to a party to produce a written instrument, where there was no evidence that it was in his possession, and where his residence was shewn to be 15 miles from the place of trial, it seems would have been ad. judged insuffi. cient had the notice been necessary.

ERROR from the Onondaga common pleas. Story sued Patten before a justice of the peace, who rendered judgment for the plaintiff. The defendant appealed to the Onondaga common pleas. In the declaration, the plaintiff set forth a judgment rendered in his favor against J. Smith and G. Howland by Kelly Case Esq. the issuing of an execution thereon, and the delivery of the same to the defendant, as a constable, to collect. He then averred the collection of the money, and the neglect of the defendant to pay over the same to the plaintiff or the justice. On the trial of the cause, the justice who rendered the judgment proved the same. The plaintiff then offered to prove by the same witness the issuing of the execution, its delivery to the defendant as a constable, the collection of the money by him, and his neglect to return the execution and to pay over the money. The defendant objected to the evidence unless the execution was produced, or it was shewn that notice had been given to the defendant to produce it. The court sustained the objection. The plaintiff then gave notice in court to the defendant to produce the execution, which notice the court held insufficient, the residence of the defendant from the court house being 15 miles, and it not appearing that the execution was in court; whereupon the plaintiff was nonsuited.

*F. G. Jewett*, for plaintiff in error. The plaintiff was entitled to prove the contents of the execution without shewing that he had given notice to the defendant to produce it. The reason for giving notice, and the necessity for giving it, cease where, from the very nature of the suit or prosecution, the party must know that he is charged with the possession of the instrument, the contents of which are offered to be proved. (1 Starkie's Ev. 361, citing 4 Taunt. 865. 1 Campb. 143. 6 East, 421. See also, 1 Phil. Ev. 392; 14 East, 274; 17 John. R. 293; 13 id. 90.) Besides, the facts offered to be proved rested in parol, and it was not necessary to produce the execution.

*Kellogg & Sandford,* for defendant in error. The best attainable evidence must be produced to prove every disputed fact. (1 Starkie's Ev. 389. Norris' Peake's Ev. 15.) The contents of a writing cannot be proved by copy, still less by oral evidence. (1 Starkie's Ev. 390.) Process cannot be proved by parol. (12 Johns. R. 456. 7 id. 19.) Where a written instrument is to be used as a medium of proof, by which a claim to a demand arising out of the instrument is to he supported, the instrument itself must be produced, or notice given to produce it. (3 Bos. & Pul. 146.) In the recent case of *Gorham* v. *Gale,* (7 Cowen, 739,) which was an action against a sheriff for money received on an execution, this court held that parol evidence of the contents of the execution could not be adduced, reasonable notice not having been given to the defendant to produce it. So, in the various actions against sheriffs, &c. for escapes, false returns, &c. in which the process is necessarily set forth in the declaration, due notice to the defendant to produce the process on the trial, if the writ is not returned, is strictly demanded before parol evidence of its contents is admitted. (3 Starkie's Ev. 1335, 1341. Norris' Peake's Ev. 601.)

The notice to produce the execution was insufficient. Proof that the defendant had the execution in court would not have superseded the necessity of notice, the object of which is not merely to enable the party to bring the instrument into court, but also to provide such evidence as the nature of the case may require to support or impeach the instrument. (1 Starkie's Ev. 359, 362. 2 Starkie's Cases, 283. 7 Cowen, 739.) Here there was no evidence that the execution was in the defendant's hands, and his residence was at the distance of 15 miles from court.

*By the Court,* SUTHERLAND, J. The plaintiff was improperly nonsuited. The case appears to me to fall within the well established principle, that where the nature of the proceedings or the form of action or pleadings gives the opposite party notice to be prepared to produce a writing or instrument, if necessary to falsify the plaintiff's evidence, no other notice to produce it is requisite. The defendant must have known, from the declaration in this case, that the contents of

ALBANY, January, 1830.

the execution in his possession would come in question; that the plaintiff could not recover without proving it. He was therefore bound to have it in court, ready to be produced, or suffer parol evidence of its contents to be given. (*The People* v. *Holbrook*, 13 Johns. R. 90. 1 Campb. 143. 3 Bos. & Pul. 143. 14 East, 274. 17 Johns. R. 293. 4 Taunt. 865. 1 Phil. Ev. 392. 2 Merriv. 464.)

In *Gorham* v. *Gale*, (7 Cowen, 739, and 6 Cowen, 467, note a,) the declaration was in the general form for money had and received, and of course gave no notice to the sheriff of producing the *fi. fa.* If it was necessary for the plaintiff in this case to give notice to the defendant to produce the execution, the case of *Gorham* v. *Gale* shews that the notice given was not sufficient; but I think notice was not necessary.

Judgment reversed, and venire de novo awarded.